IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DELFINO GONALEZ, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-598-A |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Delfino Gonzalez, TDCJ # 1330416, is a state prisoner who was confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Houston, Texas, at the time this petition was filed.

The Respondent is Rick Thaler, Director of TDCJ.

**C.  PROCEDURAL HISTORY**

Gonzalez was serving two 6-year sentences for his 2005 convictions for DWI and possession of a controlled substance in Bexar County, Texas. On February 25, 2008, Gonzalez received a disciplinary conviction for possession of contraband at the Mineral Wells Pre-Parole facility, resulting in a loss of recreation, commissary and other privileges, a reduction in line class status, and a loss of 180 days of good time. (*Id.*) Gonzalez challenged his disciplinary conviction through the prison's grievance process to no avail. Gonzalez filed this petition on May 30, 2008, in the Houston Division, and the action was transferred to this division on October 7, 2009. Gonzalez seeks expungement of the disciplinary proceeding and restoration of his good time. Thaler has filed a motion to dismiss the petition as moot as a result of Gonzalez's release to mandatory supervision on February 27, 2009.

**D.  ISSUES**

Gonzalez raises two grounds challenging the disciplinary proceeding as violative of his constitutional rights. (Petition at 7)

**E.  DISCUSSION**

    **1.  MOOTNESS**

Because Gonzalez is no longer confined in TDCJ, the case has been rendered moot by Gonzalez's release. This court can no longer provide the requested relief and Gonzalez has not alleged that in the wake of his release to mandatory supervision he will be subject to future adverse consequences related to his petition. *See Adair v. Dretke*, 150 Fed. Appx. 329, 329, 2005 WL 2473569, at *3 (5th Cir. 2005); *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987).

## II.  RECOMMENDATION

It is recommended that this petition for writ of habeas corpus be dismissed as moot.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 25, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 25, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 4, 2010.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE